Aji N. Abiedu (SBN 282794)
aabiedu@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendant AFNI, INC.,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOON J. NAVARCHI,<br><br>          Plaintiff,<br><br>     vs.<br><br>AFNI, INC.,<br><br>          Defendant. | Case No. _____<br><br>(Honrable _____)<br>Courtroom: _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441(A) AND 1446(B)**<br><br>[Filed Concurrently with Notice of Motion to Strike Plaintiff's Complaint; Memorandum of Points and Authorities; Declaration of Aji N. Abiedu and [Proposed] Order]<br><br>Removal Filed: October 29, 2015 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** pursuant to the provisions of 28 U.S.C. sections 1331, 1441(a) and 1446(b), Defendant AFNI, INC.("Defendant"), hereby removes to this Court the state action currently pending in the Los Angeles County Superior Court of California, described more fully below:

1.     On September 25, 2015, a civil action was commenced in Superior Court of the State of California, in and for the County of Los Angeles, entitled *Navarchi v. AFNI, Inc.*, as case number 15V08519.  True and correct copies of all

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1331, 1441(A) AND 1446(B)

31618841v1 0819144

pleadings, process and orders in said action served upon Defendant are attached hereto as **Exhibit "A"** and incorporated herein.

1. Defendant's registered agent was personally served with a copy of the summons and complaint on October 2, 2015.

2. In light of its pendency in Los Angeles County, the United States District Court for the Central District of California, Western Division, is the proper forum for removal under the provisions of 28. U.S.C. section 84(c)(2) and 1441(a).

3. This Notice of Removal was filed within thirty days of service of the complaint upon Defendant and one year of the commencement of the action. It is therefore, timely under 28 U.S.C. section 1446(b).

4. United States District Court for the Central District of California, has jurisdiction over the Plaintiff's claim due to the fact that the allegations contained in his complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

5. In the Complaint, Plaintiff alleges Defendant engaged in the act of erroneous credit reporting. Plaintiff is seeking relief pursuant to Cal. Civ. Code,§ 1785.25(a).

6. Plaintiff's claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"). The FCRA preempts state causes of action that are inconsistent with its provisions. Specifically, the FCRA describes the relationship between FCRA and state law. 15 U.S.C. § 1681t. That section states that "the laws of any State with respect to the collection, distribution, or use of any information on consumers" are impacted "to the extent that those [state] laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency." 15 U.S.C. 1681t(a); *See also Hukic v. Aurora Loan Services, Inc*., 2007 WL 2563363 (N.D. Ill. 2007) ("§1681t(b)(1)(F) holds that the [FCRA] preempts any subject matter regulated under § 1681s-2.")

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

2

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441(A) AND 1446(B)

31618841v1 0819144

7. Moreover, Section 1681h(e) of the FCRA, entitled "limitation of liability," states the following:

> [N]o consumer may bring any action or proceeding in the nature of **defamation**, invasion of privacy, or **negligence with respect to the reporting of information against any consumer reporting agency**, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken averse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681(h)(e) (emphasis added.)

8. The furnishing of consumer information to consumer reporting agencies is regulated under §1681s-2(a). Under §1681t(b)(1)(F), any claims arising out of information furnished to the credit reporting agencies are clearly preempted by the FCRA.

9. Recently, the Seventh Circuit reiterated in *Purcell v. Bank of America*, 2011 WL 4634216, (7th Oct. 3, 2011) that claims like the instant claims are preempted by the FCRA. The Seventh Circuit found that the FCRA barred the plaintiff's state law claims, including common law claims that raised matters within the scope of §1681s-2, even those based on "false information furnished with malice or willful intent to injure" the consumer, and the case was remanded for entry of judgment in favor of the furnisher of information on all state law counts. *Purcell*, 2011 WL 4634216 at 3.

10. Defendant files contemporaneously with this Notice of Removal a Motion to Strike that sets forth more fully the FCRA's preemption of the Plaintiff's claims, which Defendant respectfully references as if fully restated herein.

11. Because the Plaintiff's claims are preempted by the FCRA, it invokes federal question jurisdiction. Thus the case is proper for removal.

3

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441(A) AND 1446(B)

31618841v1 0819144

1  WHEREFORE, Defendant AFNI, INC. hereby notifies Plaintiff DAMOON J. NAVARCHI that the above-entitled action, formerly pending in the Los Angeles County Superior Court, has been removed from that court to this Court. Defendant prays that this Court will make any and all orders necessary to effect the removal of this cause from the Court of the State of California for the County of Los Angeles and to effect and prepare in this Court the true record of all proceedings that may have been had in the said state court proceedings.

DATED: October 29, 2015                    HINSHAW & CULBERTSON LLP

                                           By:  *s/ Aji N. Abiedu*
                                                Aji N. Abiedu
                                                Attorneys for Defendant AFNI, INC.,

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441(A) AND 1446(B)

31618841v1 0819144

# CERTIFICATE OF SERVICE

*Damoon J. Navarchi vs. AFNI, Inc.*

**Case No.** _____

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Los Angeles, California 90025.

On **October 29, 2015**, I served the document(s) entitled, **DEFENDANT'S NOTICE OF REMOVAL**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **October 29, 2015**, at Los Angeles, California.

*s/ Claudia Rodriguez*
Claudia Rodriguez

# SERVICE LIST

*Damoon J. Navarchi vs. AFNI, Inc.*
Case No. _____

| | |
|---|---|
| Damoon J. Navarchi<br>23007 Burbank Blvd., #2<br>Woodland Hills, CA  91367<br>Telephone: 818-805-3467 | *In Pro Se* |