O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAMOON J. NAVARCHI, | ) | Case No. CV 15-08474 DDP (JEMx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO STRIKE** |
| | ) | **WITHOUT PREJUDICE** |
| v. | ) | |
| | ) | [Dkt. No. 6] |
| AFNI, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Presently before the Court is Defendant AFNI, Inc.'s Motion to Strike. (Dkt. No. 6.) The Motion was unopposed. Defendant has filed a Notice of Non-Receipt of Opposition, requesting this Court grant the Motion on the basis of Plaintiff's failure to oppose the motion. (Dkt. No. 9.)

    Noticed motions require the other parties in the case to file either (a) a brief in opposition to the motion or (b) a written statement of nonopposition. C.D. Cal. R. 7-9 (Opposing Papers). Local Rule 7-12 states that "[t]he failure to file any required document . . . may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12 (Failure to File Required Documents).

Under Ninth Circuit precedent, a district court may dismiss a case for failing to follow local rules, such as failing to file an opposition. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). The court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (affirming a dismissal for lack of prosecution); see also Ghazali, 46 F.3d at 53 (applying the factors from Henderson to a dismissal for failure to oppose the government's motion to dismiss); Torabi v. Wash. Mut. Bank, No. 3:09-cv-2838-JAH, 2012 WL 259832 (S.D. Cal. Jan. 27, 2012) (granting unopposed motions to strike and dismiss).

Here, Defendant has filed a Motion to Strike the Complaint under Federal Rule of Civil Procedure 12(f). Defendant argues that the Court must strike the complaint because Plaintiff's state law causes of action are preempted by the federal Fair Credit Reporting Act ("FCRA"). (Def. Mot. Strike at 2.) Defendant concedes that leave can be given to the plaintiff to amend the complaint and state a claim under the FCRA instead. (Id. at 4.)

Considering factors one and two from Henderson, the public has a strong interest in expeditious resolution of litigation and the Court needs to be able to control its docket. The Local Rules require opposition or nonopposition papers to be filed in order to effectuate these goals. The parties' papers assist the Court in determining which issues in a case are disputed and what are the

legal and factual supporting arguments for each side.  Thus, failure to file either required paper weighs in favor of dismissal.

The third factor is examined in relation "to the strength of the Plaintiff's excuse for the default." Stewart v. City & Cnty. of San Francisco, No. C 08-5434 SBA, 2009 WL 1331101, at *2 (N.D. Cal. May 13, 2009) (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).  Plaintiff has offered no excuse for the failure to oppose Defendant's motion, particularly after Defendant filed a notice of nonopposition warning Plaintiff that Defendant was seeking dismissal of the action for failure to respond.  (See Dkt. No. 9.)  Thus, the third factor weighs in favor of dismissal.

Factor four weighs against dismissal as it favors disposition of cases on the merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

Factor five asks the Court to consider alternatives to dismissal.  Here, because dismissal will be granted without prejudice and with leave to amend the complaint, the Court finds that this is not a drastic measure requiring an alternative means be used first to secure compliance.

Therefore, the Court GRANTS Plaintiff thirty days leave to amend the complaint from the date of this Order.  If Plaintiff does not file an amended complaint within thirty days, the case will be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: December 9, 2015

DEAN D. PREGERSON
United States District Judge